690 So.2d 208 (1997)
Sherlena M. DAVIS
v.
The HOME DEPOT.
No. 96-CA-850.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 1997.
Writ Denied May 1, 1997.
*209 John O. Braud, Brenda Braud, Independence, for Plaintiff/Appellant Sherlena M. Davis.
M. Blake Monrose, Lafayette, for Defendant/Appellee The Home Depot.
Before BOWES, GRISBAUM and CANNELLA, JJ.
BOWES, Judge.
Appellant, Ms. Sherlena Davis, appeals a judgment of the Office of Worker's Compensation, maintaining the exception of res judicata filed by her employer, Home Depot Inc. We reverse.
Ms. Davis filed a petition for worker's compensation benefits in 1994, alleging that she was disabled due to an accident suffered in the course and scope of her employment as head cashier at Home Depot. She averred that she injured her back while picking up heavy drawers from cash registers, and that she now suffers from two herniated discs in her back.
The employer responded with an exception of res judicata, alleging that a compromise agreement made in connection with an earlier accident in 1990 precluded the instant claim. The Administrative Law Judge sustained the exception. In an unpublished opinion, a panel of this Court reversed the decision and remanded the case, finding that the court had refused to consider all the medical evidence and that from the record then before the court, it did not appear that the trial judge's inquiry was sufficient.
Another hearing on the exception was held, at which time the claimant amended her petition to reflect an accident date of October 22, 1994. Following the hearing, the judge again sustained the exception of res judicata, and again, claimant appeals.

EVIDENCE AND TESTIMONY
Ms. Davis testified that she was injured on October 22, 1994 when she lifted up a cash drawer and felt a pain in her back. She further testified that she was insured under a disability insurance policy through Home Depot, with an effective date of October 1, 1994, and that the policy contained an exclusion for pre-existing conditions. Subsequent to the accident, she was ordered by that disability insurer to be examined by an independent medical examiner, Dr. Victor Chisesi; she is presently collecting under that policy. She testified further that she has been diagnosed as having herniated discs at L4-5 and L5-S1. Prior to October 22, 1994, she had never been diagnosed as having a herniated disc. Mrs. Davis was the only witness who testified. Admitted into evidence at the hearing were medical reports from her treating physician, Dr. Stuart Phillips, Dr. Chisesi, and Dr. Thor Borensen of the Culicchia Neurological Clinic.
On her petition, claimant does state that she was "re-injuried(sic) from 1990 (Oct.1994 see attached)." She also filed a handwritten *210 narrative explaining that she had been injured in September of 1990 and diagnosed as having a cervical and lumbar strain. She was restricted to light duty work and was a phone operator until November 1, 1993, when she was made a head cashier. In October, 1994 she went to Dr. Phillips to see about her low back pains and leg pain. She was put on light duty status, but her employer told her there was no light duty work and she would have to take medical leave. She stated that on her last visit to her doctor (Dr. Borensen) in August of 1993, prior to being made cashier, she was not having much significant pain and was doing well. However, in October of 1994 when she went to Dr. Phillips, she had back pain and muscle spasm. She was restricted to light duty only, and defendant put her back on cashier's duty.[1]

MEDICAL EVIDENCE
The medical report from Dr. Kishner of Gulf States Rehabilitation Associates contained in the record[2] states that as of August 9, 1993, claimant was not having any significant pain and "she is not really having many problems at all."
The report of Dr. Chisesi dated March 8, 1995, stated that Ms. Davis claimed to have injured her back lifting cash drawers at work. Regarding her former injury, the physician found that her past history included a lumbosacral strain "and she did well therefrom and recovered completely." Dr. Chisesi diagnosed a herniated disc at the L5-S1 level and recommended a laminectomy. He found her to be (temporarily) totally disabled.
The report of Dr. Borensen, dated January 15, 1993, stated that the claimant had suffered from cervical and lumbar strains in the 1990 accident. A mildly bulging disc, within normal limits, was found at the L5-S1 level in 1991 and at the time of the examination, claimant complained of chronic pain in her neck and low back, as well as severe headaches. Dr. Borensen felt that objectively, her injuries from that fall were trivial and that her pain had no underlying physical cause. In his opinion, there was a temporal relationship to the onset of her symptoms and her injury, although he felt that her underlying depression significantly contributed to the persistence of her symptoms.
The report of Dr. Phillips dated November 25,1994, relied upon by both the defendant and the trial court stated, in relevant part:
... [Claimant] has two bad discs, 4-5 and 5-1. They both reproduce the pain down into her leg. 3-4 is normal.
I went back over the history of this. This lady hurt her back. She had light duty until October 1993. When she went back to regular duty, she had recurrence of pain, so this is a continuum. She has never really had a significant symptom free episode, so she still has her problems from her original injury.
Dr. Phillips also recommended surgery and noted that a facet joint denervation did not work. Claimant was found to be totally disabled from heavy manual labor.
The compromise or settlement relied upon by the defendant as the basis for its exception was entered into between Ms. Davis and Home Depot as the result of an intervention, filed by the latter, in a third party tort suit between Ms. Davis and John Amato.[3] Claimant and defendant settled the workers compensation claim and reduced the settlement to judgment, which reads in pertinent part as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the agreement of settlement and compromise contained in the foregoing Joint Petition be approved and made the judgment of the Court, and accordingly, it is further ordered, adjudged and decreed that Home Depot, Inc, waive its legal interest in the sum of $42,138.65 representing its total intervention in plaintiff's third party tort suit, case no. 422-483; *211 and additionally pay to Sherlena Davis the sum of $14,000.00, $2000.00 of which constitutes attorney fees, in exchange for which and according to applicable law, Home Depot Inc. shall forever be discharged from any and all liability of Sherlena Davis under the Louisiana Worker's Compensation Act, which in any way relates or arises out of the accident and injury occurring on September 22, 1990, sustained while petitioner was employed by Home Depot, Inc., including any claims for past, present and future worker's compensation benefits and/or medical benefits, penalties or attorneys' fees, ...
Following the hearing on the present exception, the court took the matter under advisement and subsequently granted the exception of res judicata. In its reasons for judgement the trial court stated:
What puzzles this court is claimant's statements in her 1008, "re-injuries from 1990". Now she is trying to "crawfish" with the explanation that she "re-injured her back."
On October 27, 1994, claimant visited with Dr. Manale.[4] He spoke of her back injury in 1990 and of her continuous and significant complaints of back pain since returning to work at The Home Depot.
* * * * * *
Now claimant claims she re-injured the same injury in October of 1994 and she contends she is entitled to additional benefits. Claimant further contends that this case should be forwarded to the Second Injury Board.
The only doctor who cared for claimant for both complaints was Dr. Manale. His opinion is that claimant's present injury is the same injury she had in 1990. At the time of the 1990 injury, prior to settlement, claimant was offered surgery and refused it. Claimant's settlement more than likely took in the possibility of surgery in the future....
Dr. Manale further stated that claimant had continuous and significant complaints of back pain since returning to work at The Home Depot. Evidently, this injury did not heal with conservative care and more than likely flared up again. Claimant took her chances when she agreed to a settlement in 1993. This court cannot grant her "two bites at the apple."

ANALYSIS
An exception of res judicata is the proper procedural vehicle when a suit is barred by a valid written compromise or transaction. Brown v. Drillers, Inc., 630 So.2d 741 (La.1994); Watkins v. Sentry Insurance Co., 502 So.2d 1132 (La.App. 4 Cir. 1987); Tarver v. Oliver H. Van Horn Co., Inc., 591 So.2d 1366 (La.App. 4 Cir.1991).
The party who urges the exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. Furthermore, if there is any doubt as to its applicability, the exception must be overruled.
State, Dept. of Social Services v. Matthews, 615 So.2d 1112 (La.App. 5 Cir.1993), citations omitted.
La. R.S. 13:4231 defines res judicata as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in *212 any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
According to the official notes under this article, the central inquiry is not whether the second action is based on the same cause or cause of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action.
After a careful review of the entire record, we find that the trial court was manifestly erroneous in finding that claimant was barred by res judicata from bringing the present suit.
The medical evidence in its entirety demonstrates that the court mischaracterized Ms. Davis' more recent injuries as a mere continuation of her problem from 1990. Even the most cursory reading of the testimony at the trial verifies that Ms. Davis is inarticulate and (at best) has difficulty grasping certain concepts. Based on the medical reports preceding the 1994 accident and the statements attributed to claimant by her physicians, it is obvious that Ms. Davis was professing to have injured her back again. It is eminently clear that Ms. Davis is asserting that an intervening accident, lifting up cash drawers in her capacity as head cashier, caused her present disability. It is further clear that at the time of the 1990 accident, Ms. Davis suffered a back strain and headaches, and not the two herniated discs from which she now suffers. There is no evidence of record that claimant had ruptured a disc in the 1990 accident, or that she had ever had a prior problem with the L5-S1 disc.
The trial court erred as a matter of fact in finding that Dr. "Manale" treated claimant for both the 1990 and 1994 injuries, not only because Dr. Manale never treated the claimant at all; but also because if the court indeed meant to refer to Dr. Phillips, it is still incorrect inasmuch as that physician did not treat claimant until after the second accident. The statement in Dr. Phillips' medical report, that she still had problems from her original injury, is not a sufficient basis for the trial court's finding that claimant's present injury is the same injury she had in 1990. While Ms. Davis may have some lingering problems from her first injury, the record indicates that she did not become disabled in 1994 until the second injury occurred. Considering the evidence in the record, we find defendant has not carried his burden of proving that Ms. Davis' injuries relate to or arise out of the injury of 1990. Rather, we find that Ms. Davis has again injured her lower back in the 1994 accident.
Transactions and compromises regulate the differences which appear clearly to be comprehended in them by the parties and they do not extend to differences which the parties never intended to include in them. Condoll v. Johns-Manville Sale Corp., 448 So.2d 169 (La.App. 5 Cir.1984); Pat O'Brien's Bar, Inc. v. Franco's Cocktail Products, Inc., 615 So.2d 429 (La.App. 4 Cir.1993). The burden of proof in the present case is clearly on defendant to establish the requisites for a valid compromise, including the parties' intent to settle the differences being asserted in the action in which it is interposed. Brown v. Drillers, Inc., 630 So.2d 741 (La.1994); Shepherd v. Allstate Ins. Co., 562 So.2d 1099, 1101 (La.App. 4 Cir.1990). Even when valid, releases of future actions are narrowly construed by the courts to assure that the parties fully understand which rights have been released, and further, that they understand the resulting consequences. Brown, supra. As a result, if the release instrument leaves any doubt as to whether a particular future action is covered by the compromise, it should be construed as not covering such future action. Brown, supra.
Certainly there is no clear waiver of future accidents or any future injuries to claimant's back. Defendant's interpretation of the judgment could not be reasonably nor fairly interpreted so as to exclude subsequent and future injuries (independent from the first accident) to the same portion of the anatomy. Under La. R.S.13:4231, supra, the present cause of action, which arose in 1994 after the rendition of the final compromise judgment, could not have been asserted earlier and is, therefore, not precluded by that compromise judgment.
*213 For the above reasons, we are compelled to conclude that the trial court was manifestly erroneous, this time, in maintaining the exception of res judicata. Accordingly, the judgement must be reversed.

DECREE
The judgment maintaining the exception of no cause of action is reversed and the matter remanded to the trial court for further proceedings. Costs are taxed to appellee.
REVERSED AND REMANDED.
NOTES
[1] A work capacity evaluation from her 1990 accident, attached to her petition and made part of the record, clearly states that this position is in the medium capacity range.
[2] The report was introduced at the first trial on the exception and was therefore properly before the court.
[3] No other information relative to the nature of the suit or the parties involved is in the record.
[4] The judge apparently confused Dr. Phillips with Dr. Manale, another physician in the same orthopedic clinic.