735 So.2d 78 (1999)
Cecile A. LENNIX
v.
BIG 3 INDUSTRIES OF AIR LIQUIDE.
No. 98-CA-1275.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1999.
*79 Cecile A. Lennix, LaPlace, Louisiana, Appellant in Proper Person.
Philip J. Borne, Christovich & Kearney, L.L.P., New Orleans, Louisiana, Attorney for Appellees Big 3 Industries, Inc., Air Liquide American Corporation and Highlands Insurance Company.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Plaintiff, Cecile August Lennix, appeals from a ruling of the Worker's Compensation judge, granting an exception of res judicata filed by the defendant, Big 3 Industries of Air Liquide (Air Liquide). For the reasons which follow, we affirm.
Plaintiff alleges that on June 27, 1993 she was injured while working for Air Liquide. She contends that she was going to the ammonia tank to take a reading when the relief valve opened and she inhaled ammonia which was released. In her claim she stated that she felt burning in her throat and chest and when she urinated. She reported the accident to her supervisor and saw the company physician. Based on the record before us in this appeal[1] it is difficult to determine what happened from June 27, 1993 until November 8, 1996. However, on November 8, 1996, plaintiff filed a disputed claim form with the Office of Worker's Compensation. In response, defendant filed an exception of prescription. A hearing on the exception was originally set for September 8, 1997. According to plaintiff, who is appearing in proper person, she arrived at the hearing on September 8, 1997, only to find that it had been continued to September 11, 1997. She appeared again on September 11, 1997 and, according to plaintiff, her attorney did not appear.[2] Thereafter, the judge rendered judgment on October 2, 1997 granting Air Liquide's exception of prescription. The exhibits filed herein indicate that notice of judgment was mailed to Air Liquide's counsel of record on October 7, 1997 by certified mail, return receipt requested. No appeal was taken from this judgment.
Thereafter, on March 25, 1998 plaintiff again filed a disputed claim form for worker's compensation benefits based on the same June 27, 1993 accident. This time, Air Liquide filed an exception of res judicata in response to plaintiffs claim. Air Liquide argued that the prescription judgment was a final judgment, as required by La. R.S. 13:4231 and, therefore, the reassertion of the same claim by the plaintiff was barred by principles of res judicata.
Plaintiff maintains that she was injured in a work related accident on June 27, 1993, that her employer has refused to pay her compensation and that she has been unable to bring the merits of her case before a worker's compensation judge since the date of her injury.
On June 26, 1998 a hearing was held on the exception of res judicata. A judgment and reasons were rendered on July 2, 1998, granting Air Liquide's exception of res judicata. It is from this judgment that plaintiff now appeals.
On appeal, plaintiff filed a brief in proper person, essentially contending that she had been wrongfully denied her day in court to address her employer's non-payment of worker's compensation and medical benefits which are due as a result of the work related accident that occurred on June 27, 1993.
*80 Air Liquide argues that the October 2, 1997 judgment, granting the exception of prescription in its favor, was a valid final judgment which properly forms the basis for the res judicata exception granted herein.
Although requested to do so by plaintiff, and despite our sympathy with her plight, we cannot review the merits of her worker's compensation entitlement as a result of the June 27, 1993 accident. The only issue before us in this appeal is whether the worker's compensation judge erred in granting Air Liquide's exception of res judicata.[3]
It is well settled that, on considering an exception of res judicata, the burden of proof is on the party who urges the exception to prove its essential elements by a preponderance of the evidence. Davis v. Home Depot, 96-850 (La.App. 5th Cir. 2/25/97), 690 So.2d 208, writ denied, 97-0728 (La.5/1/97), 693 So.2d 740, Denkmann Associates v. IP Timberlands Operating Co., Ltd., 96-2209 (La.App. 1st Cir. 2/20/98), 710 So.2d 1091; Ebey v. Harvill, 26,373 (La.App. 2nd Cir. 12/7/94), 647 So.2d 461. If there is any doubt as to its applicability, the exception must be overruled. Davis, supra.
La. R.S. 13:4231, the Res Judicata statute, provides in pertinent part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of a final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
Air Liquide introduced exhibits that a previous valid and final judgment had been rendered between the same parties and on the same cause of action that is the subject matter of the litigation herein. In the November 8, 1996 disputed claim form which plaintiff filed with the office of worker's compensation, she asserted a claim for a work related injury which she suffered on June 27, 1993. That case resulted in the October 2, 1997 judgment, granting Air Liquide's exception of prescription. No appeal was filed. In the instant case, plaintiff has again filed a disputed claim form with the officer of worker's compensation concerning a June 27, 1993 injury. The instant case asserts the same cause of action between the same parties as did the previous case, in which a valid and final judgment has been rendered by the office of worker's compensation. Therefore, we find no error in the judgment granting Air Liquide's exception of res judicata.
Accordingly, for the reasons stated above, the judgment of the worker's compensation judge granting the exception of res judicata filed by Air Liquide is affirmed. Costs of appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] The record in this appeal begins with the March 27, 1998 filing of a disputed claim form by plaintiff against Air Liquide based on a June 27, 1993 work related accident.
[2] The October 2, 1997 judgment granting the exception of prescription indicates that plaintiff's counsel was present.
[3] Plaintiff argues that she has tried, to no avail, since the June 27, 1993 accident, to have her case presented on the merits to a worker's compensation judge. Due to the limited record we have before us on this appeal, it is impossible to discern why plaintiff was not able to get her case heard timely. We note, although it has no bearing on the issue before us, that plaintiff contends that she was not sent notice of the October 2, 1997 judgment. And indeed, there is no proof in this record of such notice. If, in fact, no such notice of judgment was sent to either plaintiff or her counsel of record, she may still have recourse to appeal that judgment.