792 So.2d 763 (2001)
LOUISIANA WORKERS' COMPENSATION CORPORATION
v.
Thorrill BETZ, et al.
No. 2000-CA-0603.
Court of Appeal of Louisiana, Fourth Circuit.
April 18, 2001.
*764 Musa Rahman, Egan, Johnson & Stiltner, Baton Rouge, Counsel for Plaintiff/Appellant.
John J. Erny, III, Metairie, Counsel for Defendant/Appellee.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge TERRI F. LOVE.
LOVE, J.
Louisiana Worker's Compensation Corporation appeals the trial court's judgment granting Hartford Insurance Company's Exception of Res Judicata. For the following reasons, we reverse the trial court's judgment.

FACTS AND PROCEDURAL HISTORY
On June 27, 1995, Mrs. Jill Ganucheau ("Mrs.Ganucheau") sustained injuries in an automobile accident. Mr. Thorill Betz ("Mr.Betz") was the driver of the other vehicle involved in the car accident. However, the vehicle was owned by Calvin E. Schmid ("Mr.Schmid") and insured by Hartford Insurance Company ("Hartford").
Mrs. Ganucheau was in the course and scope of her employment when the accident occurred. She received worker's compensation benefits from Louisiana Worker's Compensation Corporation ("LWCC"). On June 25, 1996, Mrs. Ganucheau filed a lawsuit against Mr. Betz, Mr. Schmid and Hartford. Pursuant to La. R.S. 23:1101(B), on June 27, 1996, LWCC filed a second lawsuit against Mr. Betz, Mr. Schmid and Hartford seeking reimbursement of all of the worker's compensation benefits that it had paid to Mrs. Ganucheau. Prior to trial of the first lawsuit, Mrs. Ganucheau and the defendants reached a settlement agreement and the matter was dismissed. However, the *765 LWCC maintained the second lawsuit against the defendants.
In anticipation of her settlement agreement with Hartford, in a faxed letter, it was agreed that Mrs. Ganucheau would reimburse the LWCC for 50% of the workers' compensation carrier's lien in the amount of $8,786.32.[1] As part of the settlement agreement, Hartford forwarded a check in the amount of $40,000 to Mrs. Ganucheau.
After settlement of the lawsuit with Mrs. Ganucheau, Hartford filed an Exception of Res Judicata in the second lawsuit filed by the LWCC. Hartford argued that the settlement agreement with Mrs. Ganucheau constituted a final judgment on the matter, thus barring the LWCC's lawsuit pursuant to the doctrine of res judicata. The LWCC argued that its' lawsuit was not precluded by res judicata because it was not a party to the lawsuit between Mrs. Ganucheau and Hartford and subsequently, was not a party to their settlement agreement.
On February 1, 1998, the trial court granted Hartford's exception of res judicata and dismissed the LWCC's lawsuit against the Hartford, Mr. Betz and Mr. Schmid. The LWCC now appeals the trial court's judgment.

DISCUSSION

Exception of Res Judicata
It is well settled that, on considering an exception of res judicata, the burden of proof is on the party who urges the exception to prove its essential elements by a preponderance of the evidence. Lennix v. Big 3 Industries of Air Liquide, 98-1275 (La.App. 3 Cir. 3/30/99), 735 So.2d 78, 80, writ not considered, 99-1241 (La.5/28/99) 743 So.2d 658, reconsideration denied, 99-1241 (La.9/3/99), 747 So.2d 530; Davis v. Home Depot, 96-850 (La.App. 5 Cir. 2/25/97), 690 So.2d 208, 211. Res judicata cannot be invoked unless all its essential elements are present and each necessary element has been established beyond all question. Spear v. Prudential Property and Cas. Ins. Co., 98-1663 (La.App. 4 Cir. 1/13/99), 727 So.2d 640, 642. If there is any doubt as to its applicability, the exception must be overruled. See Lennix, 735 So.2d at 80. As the court in Terrebonne Fuel and Lube, Inc. v. Placid Refining Company, 95-0654 (La.1/16/96), 666 So.2d 624, 632 stated as guidance for reviewing a claim of res judicata:
The central inquiry is not whether the second action is based upon the same cause of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action.
See Id.
In this case, the LWCC argues that since it was not a party to the settlement agreement entered into between Mrs. Ganucheau and Hartford, then it should not be precluded by the doctrine of res judicata from pursuing a claim against Hartford. Hartford argues that the settlement agreement constituted a valid and final judgment, thereby prohibiting the claim filed by the LWCC under res judicata.
Louisiana's res judicata statute, La. R.S. 13:4231, reads as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

*766 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of the final judgment arising out of the transaction or occurrences that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The first issue before this court is whether the settlement agreement between Mrs. Ganucheau and Hartford bars the lawsuit filed by the LWCC under the doctrine of res judicata.
We must first look to the course of events which took place prior to the settlement agreement and subsequent dismissal of Mrs. Ganucheau's lawsuit. On March 5, 1998, the LWCC faxed a letter to Mrs. Ganucheau's attorney proposing a settlement. In part, this letter states:
"It is agreed between LWCC and the plaintiffs that in anticipation of a settlement, LWCC will waive 50% of its lien in exchange for a full and complete future release by Jill Ganucheau. In other words, you [sic] client will reimburse us the sum of $8,786.32 with a compensation release.
* * *
If everything I have said conforms with our understanding, then please sign your name on the upper right hand corner of this letter and fax it back to me at the number listed above."
On March 6, 1998, Mrs. Ganucheau's attorney faxed the letter back to the LWCC. He hand-wrote and signed the letter, stating:
"Settlement is now confirmed. Court has been notified and there is no reason to appear on Monday. Complete details to follow."
Thereafter, on March 23, 1998, Mrs. Ganucheau and Hartford entered into receipt, release and indemnity agreement and in exchange, Mrs. Ganucheau received a specified amount of money. The agreement was signed by Hartford and Mrs. Ganucheau.
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent. Barnhill v. Consolidated Medical, Disability & Life Trust, 569 So.2d 1115 (La.App. 3 Cir.1990). A settlement agreement is res judicata as between the parties and is entitled to the same effect as a judgment. See State ex rel. Dept. of Transp. & Development v. Lemaire, 99-953 (La.App. 3 Cir. 2/23/00), 765 So.2d 369, 372, writ granted, case remanded, XXXX-XXXX (La.9/15/00), 767 So.2d 701; Barnhill v. Consolidated Medical, Disability & Life Trust, 569 So.2d 1115, 1117 (La.App. 3 Cir.1990) ("a release of a claim in exchange for consideration received is, in effect, a compromise which can constitute the basis of a plea of res judicata"). Furthermore, an exception of res judicata is the proper procedural vehicle when a suit is barred by a valid written compromise or transaction. Barnhill v. Consolidated Medical, 572 So.2d 93 (La. 1991).
First, we find that the settlement agreement between Mrs. Ganucheau and Hartford, *767 dated March 23, 1998 constitutes a final judgment. It is unnecessary to undergo analysis regarding whether the agreement between Hartford and Mrs. Ganucheau constituted a meeting of the minds, as we find that the documentation in the record clearly supports this conclusion. Our focal point of discussion centers upon whether the settlement agreement affects the right of the LWCC.
A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings. Hudson v. City of Bossier, 33,620 (La.App. 2 Cir. 8/25/00), 766 So.2d 738. A compromise with the tort-feasor by one party shall not be binding upon or affect the rights of another unless assented to by him. Meaux v. Alexander, (La.App. 4 Cir. 1981), 405 So.2d 680, 684. Upon reviewing the record, we find that the LWCC was not a party to the agreement entered into by Mrs. Ganucheau and Hartford. The record evidences that LWCC was not a party to the lawsuit instituted by Mrs. Ganucheau against Hartford. Furthermore, the record shows that the LWCC did not sign the indemnification agreement entered into between Mrs. Ganucheau and Hartford. In fact, the LWCC is not even mentioned in the agreement. Thus, the LWCC, as a "stranger" to the agreement, cannot be barred by the doctrine of res judicata from pursuing a claim against Hartford. See Hudson, 766 So.2d 738 at 743.
Hartford refers to the faxed letter as evidence that the LWCC is bound by the indemnification agreement. In the faxed letter, the LWCC agreed that "in anticipation of a settlement" (between Mrs. Ganucheau and Hartford); it would waive 50% of its lien in exchange for the sum of $8,788.32 and a compensation release. However, this agreement simply constituted a second compromise, separate and apart from Mrs. Ganucheau and Hartford's indemnification agreement. The indemnification agreement and the compromise contained in the faxed letter did not constitute one agreement, but two separate settlement agreements. Hence, the LWCC is not bound by the indemnification agreement between Mrs. Ganucheau and Hartford. As a result, the doctrine of res judicata does not impede the LWCC from pursuing a lawsuit against Hartford.
Louisiana law is clear that the doctrine of res judicata is stricti juris; any doubt concerning application of this principle must be resolved against its application. Spear, 727 So.2d 640 at 642. Res judicata cannot be invoked unless all essential elements are present and each necessary element has been established beyond all question. See Id. The LWCC's lawsuit fails to satisfy all of the elements of res judicata and consequently, we find that the trial court erred in its' determination.
Hartford contends that this is a frivolous appeal and seeks damages under Louisiana Code of Civil Procedure, Article 2164. Hartford asserts that this appeal is frivolous because as part of the anticipated settlement agreement with Mrs. Ganucheau, Hartford tendered an amount which included the money which was owed in reimbursement and supposed to be paid to the LWCC. Allegedly, Mrs. Ganucheau has failed to pay the LWCC the amount which was agreed to in the faxed letter. Unfortunately, the issue of who is now obligated to pay the LWCC this amount or how this amount can be recovered is not before this court and thus, we will not address it. This Court's only obligation is to determine whether pursuant to the doctrine of res judicata, the indemnification agreement bars the subsequent litigation by the *768 LWCC. Since we are reversing the trial court and finding that the LWCC is not barred by the doctrine of res judicata, we obviously find merit in this appeal and decline to award damages under Article 2164.

DECREE
For the reasons assigned herein, we reverse the judgment of the trial court.
REVERSED.
ARMSTRONG, J., concurs with reasons.
ARMSTRONG, J., concurring with reasons.
I respectfully concur and write separately to emphasize that there are two separate settlement agreements involved. One settlement is between Mrs. Ganucheau and Hartford, Mr. Betz and Mr. Schmid. The other settlement agreement is between Mrs. Ganucheau and LWCC. Because LWCC was not a party to the settlement agreement between Mrs. Ganucheau and Hartford, Mr. Betz and Mr. Schmid, LWCC could not be bound by that settlement.
NOTES
[1] To date, Mrs. Ganucheau has not reimbursed the LWCC the $8,786.32 that was agreed upon as part of the settlement.