821 So.2d 35 (2002)
Natalie Bonneval ORTIZ
v.
Alfredo ORTIZ, Jr.
No. 01-CA-1252.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 2002.
*36 Keith R. Credo, Metairie, LA, for Appellant, Alfredo Ortiz, Jr.
Steven F. Griffith, Sr., Destrehan, LA, for Appellee, Natalie Bonneval Ortiz.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and MARION F. EDWARDS.
JAMES L. CANNELLA, Judge.
Defendant, Alfredo Ortiz, appeals from the trial court judgment granting the Exception of Res Judicata filed by Plaintiff, his ex-wife, Natalie Bonneval Ortiz, to his Petition to Partition Community Property, Breach of Contract, To Annul Judgment, and Damages for Unjust Enrichment. For the reasons which follow, we reverse in part, affirm in part and remand.
Three children were born of the parties' marriage. When they decided to divorce, they entered into a written agreement, on January 8, 1999, agreeing to a division of the community property, child support, custody and visitation. On January 22, 1999, Plaintiff filed for divorce. On February 10, 1999, a Consent Judgment, in accord with the January 8, 1999 agreement, was signed by the trial court. On February 24, 1999, Plaintiff filed a Rule to Show Cause for Separation of Property. Pursuant thereto another Consent Judgment was signed by the trial court on March 15, 1999, homologating a document entitled Settlement of Community Property.
On August 4, 1999, Plaintiff filed a Rule to Show Cause, Motion for Contempt, Penalties, Attorney Fees, and Incarceration and Arrearage, in which she also requested that she be granted a divorce and an increase in child support. The trial court rendered judgment on November 16, 1999, granting, among other things not pertinent here, an increase in child support from $500 to $750 per month and reducing the Defendant's income tax claims from two children to one.
On November 21, 2000, Defendant filed a Petition to Partition Community Property, Breach of Contact, To Annul Judgment and Damages for Unjust Enrichment. Defendant states in this pleading that the community property division agreed on by the parties was contingent on the agreement that he would pay only $500 per *37 month in child support and that he would be able to claim two of the children on his income taxes. Since the Plaintiff sought to and succeeded in altering that agreement by getting an increase in child support and a reduction on his income taxes to one child, then the contract has been breached and the entire agreement, including the partition of the community property provisions, should be annulled. In the alternative, he is attempting to pursue a claim for breach of contract against his ex-wife or a claim for unjust enrichment. He asserts, and it is not disputed, that Plaintiff received between $20,000 to $30,000 more than him in the community property partition.
In response, Plaintiff filed, among other things, an exception of res judicata, and no cause of action.[1] On June 11, 2001, the trial court rendered judgment granting the exception of res judicata as to the partition of community property, breach of contract and damages for unjust enrichment, denying it as to the petition to annul judgment and denying the exceptions of no cause and no right of action. It is from this judgment that Defendant appeals, arguing that the trial court erred in granting the exception.
La. R.S. 13:4231 provides in pertinent part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
La. R.S. 13:4232 sets out exceptions to the general rule of res judicata and provides in pertinent part:
B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to the causes of action actually adjudicated. (Emphasis provided.)
Thus, we find that in a contest concerning the res judicata effect of a community property partition judgment, the res judicata effect, or the authority of the thing adjudged, takes place only with respect to what was the object of the judgment. Glover v. Ryder Truck Rental, 99-3080 (La.App. 4th Cir.9/13/00), 769 So.2d 1224. Moreover, it is well settled that, on considering an exception of res judicata, the burden of proof is on the party who urges the exception to prove its essential elements by a preponderance of the evidence. Lennix v. Big 3 Industries of Air Liquide, 98-1275 (La.App. 3rd Cir.3/30/99), 735 So.2d 78, 80, writ not considered, 99-1241 (La.5/28/99), 743 So.2d 658, reconsideration denied, 99-1241 (La.9/3/99), 747 So.2d 530; Davis v. Home Depot, 96-850 (La.App. 5th Cir.2/25/97), 690 So.2d 208, 211. Res judicata cannot be invoked unless all of its essential elements are present and each necessary element has been established beyond all question. Spear v. Prudential Property and Cas. Ins. Co., 98-1663 (La.App. 4th Cir.1/13/99), 727 *38 So.2d 640, 642. If there is any doubt as to its applicability, the exception must be overruled. Louisiana Workers' Compensation Corp. v. Betz, 00-0603 (La.App. 4th Cir.4/18/01), 792 So.2d 763.
The four prerequisites for the application of res judicata are: (1) the parties must be identical in both suits, or in privity; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases. McDonald v. Cason, 01-0932 (La. App. 3rd Cir.12/12/01), 801 So.2d 1255; Condrey v. Howard, 28,442 (La.App. 2nd Cir.8/21/96); 679 So.2d 563; writ denied 96-2335 (La.1996); 683 So.2d 281; Meza v. General Battery Corp., 908 F.2d 1262 (5th Cir.1990).
The doctrine of res judicata is stricti juris. Any uncertainty concerning the application of this principle must be resolved against its application. Fowler v. Hodge, 95-248 (La.App. 3rd Cir.5/31/95), 660 So.2d 506, writ denied, 95-2733 (La.11/26/96), 666 So.2d 674. "Plea of res judicata should not be sustained unless its application is clearly justified." Brouillard v. Aetna Cas. and Surety Co., 94-1559, p. 2 (La.App. 3rd Cir.5/10/95), 657 So.2d 231, 233. Several courts have denounced the application of res judicata principles when the issues were never settled, litigated, or adjudicated. See Brouillard, 94-1559; 657 So.2d 231; Jenkins v. State, 615 So.2d 405 (La.App. 4th Cir.1993), writ denied, 617 So.2d 932 (La.1993); Billiot v. LeBeouf Brothers Towing Co., 93-1697 (La.App. 1st Cir 6/24/94), 640 So.2d 826; Fine v. Regional Transit Auth., 95-2603 (La.App. 4th Cir.6/26/96), 676 So.2d 1134.
Applying these precepts to the case before us, it is clear that the trial court erred in granting the exception of res judicata to the Defendant's actions for damages for breach of contract and unjust enrichment.[2] While we offer no opinion to the Defendant's ultimate success in these actions, we find that the claims for damages that he raises by these two actions have never been litigated, determined or adjudicated before and the exception of res judicata as to them was erroneously granted.
The Defendant's argument herein is that in partitioning the community originally, the parties made that division, with the wife receiving $20,000 to $30,000 more than he, based on the agreement that his child support obligation would be permanently limited to $500 per month and that he would be allowed to claim two of the children for income tax purposes. He contends that it was the main consideration for the partition division to which he agreed. Thereafter, the Plaintiff procured an increase in child support and the Defendant's income tax claim was reduced to one child. Based on what the Defendant characterizes as a failure of consideration or cause, he has asserted a breach of contract claim and/or a claim for unjust enrichment.
The trial court had previously rendered a judgment in this case, homologating a community property partition consent agreement. No appeal was taken from that judgment and it is now final. The trial court has also rendered a judgment awarding an increase in child support. In *39 neither of these two actions, however, did the trial court directly consider or rule on the Defendant's claims or causes of action for damages for breach of contract or unjust enrichment. Thus, we find that the claims or causes of action for damages stated in these two actions have not previously been brought before the trial court for consideration or judgment and the principles of res judicata have no application to them.
The Defendant also argues that the trial court erred in granting the res judicata exception as to his petition to partition community property. He contends that he has numerous issues that were not addressed in the original partition judgment. As quoted above, under La. R.S. 13:4232, any items omitted from a partition judgment can form the basis for a subsequent partition action. However, we note that in the partition petition filed in the trial court, the Defendant did not name or specify one item that had not been previously considered. He did mention several items in his appellate brief. However, since those items were not part of the petition upon which the trial court ruled, we can find no error in the trial court's ruling granting the res judicata exception as to the Defendant's action to partition community property. That partition agreement is a final judgment and his only recourse for overturning it is an action to annul. Zeringue v. Zeringue, 442 So.2d 1211 (La. App. 5th Cir.1983), writs denied, 445 So.2d 1229 (La.1984). We note, however, that our holding here does not preclude the Defendant or the Plaintiff from bringing a subsequent partition action on any community property items not heretofore partitioned.
The Plaintiff answered the appeal and moved the Court to award fees and costs for the time spent responding to a frivolous appeal. In view of our resolution of the merits of the appeal, we deny this motion.
Accordingly, for the reasons stated above, the judgment of the trial court granting the exception of res judicata as to the breach of contract action and the unjust enrichment action is reversed. In all other respects, the judgment is affirmed and the case is remanded. The motion for fees and costs is denied. Costs of appeal are assessed against the Plaintiff.
REVERSED IN PART; AFFIRMED IN PART; REMANDED.
NOTES
[1] Plaintiff also filed to increase child support and to modify visitation, but they are not pertinent to the issue before us on appeal.
[2] As part of his breach of contract action, the Defendant also seeks to have the partition judgment set aside. The trial court was correct in finding that, since the partition judgment is a final judgment, the Defendant's only recourse is by an action to annul, which he is also pursuing. However, the fact that the Defendant cannot have the partition judgment vacated does not preclude his action for damages for breach of contract or unjust enrichment.