971 So.2d 350 (2007)
Nick J. BRUNO
v.
Sarah C. BRUNO.
No. 2006 CA 2302.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
Writ Denied December 14, 2007.
*351 Patrick K. Reso, Glen R. Galbraith, Richard L. Traina, Nicole R. Dillon, Hammond, Counsel for Plaintiff/Appellant Nick J. Bruno.
Lila Tritico Hogan, Hammond, Counsel for Defendant/Appellee Sarah C. Bruno.
Before: WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
This appeal arises from a judgment granting an exception of res judicata. For the following reasons, the judgment is affirmed.

FACTS AND PROCEDURAL HISTORY
Nick and Sarah Bruno were married in June of 1976 and divorced by judgment of the 21st Judicial District Court in July of 1992. A trial in an action to partition community property was set for October 7, 1993. Prior to the trial, the parties entered into an agreement resolving the community property issues. The agreement was incorporated by reference into a judgment dated October 8, 1993. Section (IV) of the agreement is entitled "Retirement" and provides the method by which each party will calculate their interest in the other's retirement plan. The parties each had state employment retirement plans and they agreed to calculate his or her respective community interests under the formula set forth in Sims v. Sims, 358 So.2d 919 (La.1978). Furthermore, the agreement states that "[t]he properties received herein by each party are received in full ownership and each party renounces any interest therein . . . except as otherwise stipulated herein." A review of the record reveals there is no stipulation or reservation regarding the division of the retirement plans.
Mr. Bruno contends that his subsequent employment with the State of Louisiana has "advanced tremendously" such that he is currently the Vice President of Operations and Facilities for the University of Louisiana System. This advancement has allegedly created a substantial post-community increase in the value of his retirement fund. Consequently, on May 5, 2006 Mr. Bruno filed a "Petition for Supplemental Partition or To Amend Prior Judgment" asking the trial court to amend the 1993 judgment. Ms. Bruno, on May 30, 2006, filed a "Motion & Order to Continue *352 and Exception of No Cause of Action, Transaction & Compromise and Res Judicata and Unauthorized Use of Summary Proceeding." A hearing was held and on August 30, 2006 a judgment was signed maintaining Ms. Bruno's exception of res judicata and dismissing with prejudice Mr. Bruno's petition for supplemental partition. This appeal followed.

LAW AND ANALYSIS
Appellant alleges that the trial court erred in maintaining Ms. Bruno's exception of res judicata. Specifically, Mr. Bruno alleges that: (1) in matters ancillary to divorce, res judicata is precluded as to causes that could have been, but were not pleaded, (2) all necessary elements of res judicata were not present in this case; and (3) the October 1993 judgment was not a final judgment because it had not been "approved" by the Louisiana State Employee's Retirement System (LASERS).
The applicable general principles of res judicata are set forth in LSA-R.S. 13:4231, which states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Therefore, the central inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action.
Mr. Bruno correctly notes that under LSA-R.S. 13:4232(B), there is a bar to the res judicata effect concerning matters ancillary to divorce and which were not adjudicated. Mr. Bruno urges this court to conclude that the issue in this case is whether there was a substantial increase in his pension plan due to his own post-community efforts and achievements. On that basis, Mr. Bruno argues that we should determine the exception applies to bar the application of res judicata. Mr. Bruno also cites the case of Ortiz v. Ortiz, XXXX-XXXX, p. 5 (La.App. 5 Cir. 05/15/02), 821 So.2d 35, 37, which held that "in a contest concerning the res judicata effect of a community property partition judgment, the res judicata effect, or the authority of the thing adjudged, takes place only with respect to what was the object of the judgment."
The October 1993 judgment addresses the entire community estate, particularly Sarah Bruno's interest in Nick Bruno's retirement plan. As such, the retirement plan was an object of the judgment and was dealt with in the first action. Therefore, any claims concerning said pension plan are susceptible to an exception of res judicata and Mr. Bruno's argument is without merit.
*353 Mr. Bruno also argues that all essential elements of res judicata were not shown. Specifically, Mr. Bruno argues that the same claim or cause of action was not involved in both instances.
The essential elements of res judicata are as follows: (1) The parties to the actions must be identical, (2) the prior judgment must have been rendered by a court of competent jurisdiction, (3) there must have issued a final judgment on the merits, and (4) the same claim or cause of action must be involved in both cases. Id., at 38.
As stated above, the claim at issue in both the original action and this action is Sarah Bruno's interest in Nick Bruno's pension plan. The pension plan claim was adjudicated, reduced to an agreement, and incorporated into the 1993 judgment of the trial court. Again, we are not persuaded by appellant's argument.
Mr. Bruno urges that Hare v. Hodgins, 586 So.2d 118 (La.1991), provides authority to bring the instant action, defeat the exception of res judicata, and overturn a judgment rendered thirteen years ago.
In Hare, the community property partition did not address the husband's retirement plan. In that case the husband and wife, married twenty-four years, divorced and voluntarily partitioned some of their community assets in 1977. The partition did not allocate the relative entitlements of the parties in pension benefits earned as a result of the husband's participation in a retirement plan. The pension was simply overlooked and was omitted from the partition. The husband in Hare retired in 1988 and that same year, his former wife filed an action to partition the community interest in the pension benefits. Hare, 586 So.2d at 121.
Since the husband's pension plan had never been allocated, each party continued to own the plan in indivision. The trial court overruled the husband's exception of res judicata, holding that the exception did not apply since ownership of the plan had not been adjudicated in the previous action. Id., at 121.
The trial court divided the benefits pursuant to the Sims formula and the husband appealed. The court of appeal affirmed the procedural rulings, but reversed the partition decree and substituted its own partition judgment, awarding the pension to the husband and granting the former wife a lump sum based on the "Termination of Employment" provisions of the retirement plan. Id., at 121. The supreme court granted writs and remanded the matter to the trial court with a directive to render a new partition judgment after conducting further proceedings "to determine whether the community fraction rule underlying the fixed percentage method applied [by the trial court] should be modified to reflect that some of the post-community increases in earnings by the employee spouse should be attributed solely to [the husband's] personal effort or skill and not related to the prior community earnings." Id. at 129.
Thus, the Hare case dealt with the method of allocation of a previously un-partitioned community asset, not the re-allocation of an asset addressed in a previous partition judgment. Since the Hare case dealt with the equitable distribution of a pension plan that had never before been partitioned, that case is distinguishable from the case at hand. The Hare opinion does not hold that after community property is voluntarily partitioned and a final judgment regarding that property has issued, res judicata is inapplicable to bar a re-adjudication of that property.[1]
*354 This court distinguishes Terrebonne Fuel & Lube Inc. v. Placid Refining Company, 95-0654, 95-0671 (La.1/16/96), 666 So.2d 624, which dealt with a judgment that contained a specific exclusion of the claim asserted, therefore barring the application of res judicata. Instead, as recognized in Allen v. Allen, 01-0213 (La.App. 3 Cir. 06/06/01), 787 So.2d 1226, absent a showing that community property exists which was not previously partitioned, the exception of res judicata will apply.
In the instant case Mr. Bruno was informed and represented by counsel. The parties negotiated the terms and chose to take the risks inherent in the Sims formula. They could have, but did not, reserve any rights to re-negotiate the pensions in the future. We find that they intended the 1993 judgment to be a final adjudication on of their retirement plans. We decline to re-allocate the previously partitioned asset. As the trial court found, "a deal is a deal."
Finally, Mr. Bruno argues that because the judgment was not "approved" by LASERS, it is not a final judgment and on that basis, his action is not barred by res judicata. At the hearing on the exception of res judicata, Ms. Bruno's attorney offered some "stipulations" and also offered as "Sarah Bruno One" documentation that the settlement of the parties had been approved by LASERS, all without objection. This issue was not raised in the trial court and cannot be reviewed for the first time on appeal. We find this argument has no merit.

CONCLUSION
For the reasons assigned, the action of the trial court, granting the exception of res judicata and dismissing with prejudice Nick Bruno's petition for supplemental partition is affirmed. All costs of this appeal are to be borne by appellant, Nick Bruno.
AFFIRMED.
GUIDRY, J., concurs in the result.
NOTES
[1] We note the Second Circuit's decision of Welker v. Welker, 41,945 (La.App. 2 Cir. 3/7/07), 954 So.2d 225, insofar as it purports to interpret the holdings of the Hare court. The facts of Welker are distinguishable from the instant case in that the Welker court found that "in certain language the QDRO allows instances for adjustments for events that might call for the recalculation of benefits or through court modification of the QDRO's effect." Welker, 954 So.2d at 231. In the instant case, Mr. Bruno voluntarily entered into an agreement with no reservation of rights for the future.