SUSAN M. CHEHARDY, Judge.
 

 |2Ou September 4, 2002, Tammy Schnei-dau (“Schneidau”) was a passenger on a motorcycle that was rear-ended by a motorcycle driven by Michael Vanderwall (“Vanderwall”).
 
 [1]
 
 On that date, Vanderwall had in effect an insurance policy issued by Markel American Insurance Company (“Marker).
 

 On or about March 19, 2003, Schneidau retained Joseph LaHatte, Jr. (“LaHatte”) and the Law Offices of LaHatte & Alven-dia, L.L.C. to represent her regarding the collision. On April 7, 2003, LaHatte informed his clients by letter that he was taking a “leave of absence” from his law practice to spend time with his family. LaHatte advised that he was “leaving the practice” to his partner, Roderick ‘Rico’ Alvendia (“Alvendia”), but that he would “continue to advise and counsel Rico on various matters.” In actuality, LaHatte was suspended from the practice of law by the Louisiana Supreme Court.
 
 In re LaHatte,
 
 03-0437 (La.6/27/03), 851 So.2d 1024 (two-year suspension from the practice of law, with eighteen months deferred; and four years probation for commingling and converting third party funds owed to clients’ medical providers).
 

 | sIn the fall of 2003, Schneidau questioned Alvendia about the status of her case. Alvendia discovered that Schneidau had written the wrong accident date on her client information sheet at the law office; Schneidau had written that the accident occurred on October 4, 2002, but the accident report reflected that it occurred on September 4, 2002. Alvendia indicated that he would file suit immediately. He also asked Schneidau to return for a meeting with LaHatte and him in one week.
 
 [2]
 

 
 *63
 
 On October 2, 2003, Alvendia filed a petition for damages in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, naming Vanderwall and his insurer, Markel, as defendants. At that time, Alvendia instructed the Clerk of Court for the Twenty-Fourth Judicial District Court to withhold service on Vander-wall.
 
 [3]
 

 On November 6, 2003, Markel answered the plaintiffs petition, denying all allegations except the existence of a policy of insurance issued to Vanderwall. Markel further alleged “prescription as an affirmative defense” because the petition was filed more than one year after the date of the accident at issue.
 

 On September 20, 2004, Markel filed a motion for summary judgment on the basis that the cause of action had prescribed before the suit was filed. In support of its motion, Markel attached a copy of the accident report and Schneidau’s written admission of fact that the accident occurred on September 4, 2002, not on October 4, 2002. The appellate record does not reflect a response by Schneidau.
 

 |4On October 27, 2004, the trial judge granted Markel’s unopposed motion for summary judgment. The record reflects that only counsel for Markel appeared at the scheduled hearing. That day, the trial judge also signed a document, prepared by counsel for Markel, entitled “Final Judgment of Dismissal,” which reads, in pertinent part: “IT IS ORDERED, ADJUDGED AND DECREED that the motion for summary judgment of Markel American Insurance Company be and the same is hereby granted, and this suit is dismissed, with prejudice, and with plaintiff to bear all costs.”
 

 On September 12, 2007, almost three years after the dismissal of his insurer, Schneidau moved for the appointment of a special process server to effect service of process on Vanderwall. On February 11, 2008, Vanderwall filed exceptions of insufficiency of service of process, prescription, and res judicata. After a hearing on the exceptions, the trial judge signed a judgment on May 8, 2008, that reads,
 

 THE COURT, upon review of the record, has determined that the Judgment of Dismissal, based on prescription, that was rendered in this matter on October 27, 2004 became a Final Judgment as of January 7, 2005.
 

 The action set forth in the captioned matter has been fully adjudicated; and this Court has no authority to issue an Order or a Judgment that would serve to upset the dismissal or otherwise revive this action.
 

 Here, Schneidau is appealing the grant of Vanderwall’s exceptions. Vanderwall has answered the appeal and asked this Court to grant his exception of prescription filed in the district court. Finally, Alvendia and LaHatte moved to intervene in this matter in the district court and in this Court; their motions have been denied.
 

 First, we must determine the ruling that Schneidau is appealing. After reviewing the judgment at issue, we conclude that the trial court rendered | ¡judgment that, in effect, granted Vander-wall’s exception of
 
 res judicata
 
 to Schnei-dau’s Petition for Damages.
 

 
 *64
 
 With respect to
 
 res judicata,
 
 La. R.S. 13:4231 provides in pertinent part, “Except as otherwise provided by law, a valid and final judgment is conclusive between the
 
 same
 
 parties.... ” (Emphasis added). The four prerequisites for the application of
 
 res judicata
 
 are: (1) the parties must be identical in both suits, or in privity; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases.
 
 Ortiz v. Ortiz,
 
 (La.App. 5 Cir. 5/15/02), 821 So.2d 35, 37-39.
 

 On an exception of
 
 res judicata,
 
 the burden is on the exceptor to prove the essential elements by a preponderance of the evidence.
 
 Davis v. Home Depot,
 
 96-850 (La.App. 5 Cir. 2/25/97), 690 So.2d 208, 211. If there is any doubt as to its applicability, the exception must be overruled.
 
 Louisiana Workers’ Compensation Corp. v. Betz,
 
 00-0603 (La.App. 4 Cir. 4/18/01), 792 So.2d 763. Courts have denounced the application of
 
 res judicata
 
 principles when the issues in the subject cases were never settled, litigated, or adjudicated.
 
 Billiot v. LeBeouf Brothers Towing Co.,
 
 93-1697 (La.App. 1 Cir 6/24/94), 640 So.2d 826.
 

 Applying these precepts to the ease before us, it is clear that the trial court erred in granting the exception of
 
 res judicata
 
 to Schneidau’s action for damages. As noted before, the trial judge granted the insurer, Markel’s motion for summary judgment on the basis of prescription.
 
 [4]
 
 Since Vander-wall had not been served with the original petition when Markel’s |nsummary judgment was granted, Schneidau’s claim against Vanderwall has never been litigated, determined, or adjudicated. The exception of
 
 res judicata
 
 was erroneously granted. Accordingly, we vacate the trial court’s ruling granting Vanderwall’s exception of
 
 res judicata.
 

 Next, we address Vanderwall’s request that this Court grant his exception of prescription filed in the district court. La. C.C.P. Art. 2163 provides, in pertinent part: “If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.” This matter is, therefore, remanded pursuant to La. C.C.P. art. 2163 for trial of defendant’s exception of prescription. Costs of this appeal are assessed against Schneidau.
 

 JUDGMENT VACATED; REMANDED.
 

 [1]
 

 . Testimony revealed that the parties were acquaintances that regularly attended local events for motorcycle riders. On the night in question, the parties were traveling from one event to another event when the accident occurred. Further, it is uncontroverted that, as a result of the accident, Schneidau suffered a herniated disc at L5-S1, which was later surgically repaired.
 

 [2]
 

 . In their meeting during the second week of October, LaHatte and Alvendia allegedly in
 
 *63
 
 formed Schneidau that her lawsuit was not timely filed.
 

 [3]
 

 . On or about December 11, 2003, Schneidau terminated Alvendia via certified letter with instructions to forward the file to her current counsel, Stephen Barry and Deborah Lonker. Alvendia officially withdrew as counsel of record on February 15, 2004.
 

 [4]
 

 . When the trial courL rendered summary judgment in favor of Markel, Schneidau did not appeal that judgment, which is now final.