DOMENGEAUX, Judge.
Iram Patrick Fusilier (plaintiff) instituted this action on February 12, 1979, and named as defendant, the Succession of Lionel Joseph Peschier, through its testamentary executrix, Marjorie Morris Peschier. Plaintiff and Lionel Joseph Peschier (decedent) entered into an agreement on June 9, 1976, under which plaintiff conveyed to decedent six tracts of land and his mineral interest in a seventh tract of land, all of which are located in Evangeline Parish, Louisiana. Plaintiff reserved to himself the right of redemption in that agreement, which is recorded under original Act No. 331573, Conveyance Book No. C-46, pages 346, et seq., of the records of Evangeline Parish.
After the death of Lionel Joseph Peschier, plaintiff brought this action against defendant succession alleging that he has sought to exercise his right of redemption, but defendant refused to convey the property back to him. Plaintiff, by means of a supplemental and amended petition, made a claim for property damages allegedly sustained by him when a building located on one of the tracts of land was destroyed by fire. In addition to said claim, plaintiff seeks a credit against the redemption price for certain mineral royalties received by defendant.
Defendant filed a number of declinatory and dilatory exceptions to plaintiff’s action, and a hearing was held on March 27, 1981. The trial judge overruled all exceptions filed by defendant except the dilatory and declinatory exceptions pleading improper cumulation of actions and improper venue, respectively, which exceptions were sustained, and plaintiff’s suit was dismissed without prejudice as it related to a claim for damages. Judgment dismissing plaintiff’s claim for damages was rendered on July 10, 1981, with judgment being signed on July 28, 1981.
Plaintiff appeals the trial court’s ruling contending that the sustaining of defendant’s exceptions and dismissing his claim for damages was in error. Defendant subsequently moved to dismiss the plaintiff’s appeal, which motion has been referred to the merits. Alternatively, defendant answers the appeal suggesting that the trial court erred in overruling all other exceptions filed on its behalf.
Thereafter, on August 20, 1981, by joint motion, plaintiff and defendant moved to proceed with the plaintiff’s right to redemption. The court so ordered, and defendant was allowed to withdraw the deposited funds from the registry of the court. Pursuant to this agreement, each party reserved unto themselves all rights to litigate any present or future claims arising out of said sale with right of redemption.
MOTION TO DISMISS THE APPEAL
Defendant contends, in its motion to dismiss this appeal, that the judgment rendered below is not a final judgment but merely an interlocutory decree which is not appealable absent a showing of irreparable injury. We disagree, and deny the motion to dismiss.
The well established rule is that a judgment of dismissal without prejudice, i.e., as of non-suit, is a final judgment from which an appeal will lie. Rapides Savings & Loan Association v. Lakeview Development Corporation, 326 So.2d 511 (La.App. 3rd Cir. 1976); Pasquier, Batson & Company v. Ewing, 367 So.2d 28 (La.App. 2nd Cir. 1978), writ denied 368 So.2d 136 (La.1979).
Therefore, the judgment dismissing plaintiff’s claims without prejudice is appealable and accordingly the motion to dismiss is denied.
ON THE MERITS
As mentioned above, the primary issue on appeal involves the propriety of the trial judge’s sustaining defendant’s exceptions of improper cumulation of actions and improper venue, and dismissing plaintiff’s suit for damages. The trial judge in addressing these issues in his reasons for judgment made the following determinations, which we adopt as our own:
“Defendant contends that plaintiff has improperly cumulated his actions by fail *174 ing to meet the requirements of LSA-C. C.P. Article 462(1), that each of the cumulated actions be brought in the proper venue. Defendant argues that plaintiff has brought an action against it quasi ex delicto for the destruction of a building by fire, which was situated on one of the tracts of land, and for an accounting of oil royalties produced on one of the tracts of land. These being personal actions, defendant argues that under LSA-C.C.P. Article 81(1), Calcasieu Parish is the only parish of proper venue.
LSA-C.C.P. Article 81(1) provides:
‘Art. 81. Action involving succession
When a succession has been opened judicially, until rendition of the judgment of possession, the following actions shall be brought in the court in which the succession proceeding is pending:
(1) A personal action by a creditor of the deceased; but an action brought against the deceased prior to his death may be prosecuted against his succession representative in the court in which it was brought;’
LSA-C.C.P. Article 74 provides:
‘Art. 74. Action on offense or quasi offense
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
As used herein, the words “offense or quasi offense” include a nuisance and a violation of Article 667 of the Civil Code. As amended Acts 1962, No. 92, § L’
LSA-C.C.P. Article 45(1) provides:
‘Art. 45. Conflict between two or more articles in Chapter
The following rules determine the proper venue in cases where two or more articles in this Chapter may conflict:
(1) Article 78, 79, 80, 81, 82, or 83 governs the venue exclusively, if this article conflicts with any of Articles 42 and 71 through 77;’
There is a conflict in the venue provisions applicable to this case. The conflict is between the permissive provision of LSA-C.C.P. Article 74, supra, which allows an action in negligence (quasi, offense) to be brought in the parish where the damages were sustained (here, Evangeline Parish) and that mandatory provision of LSA-C.C.P. Article 81(1), which provides that a personal action by a creditor of the deceased shall be brought in the court in which the succession proceeding is pending (here, Calca-sieu Parish).
There has been no judgment of possession rendered in the Succession of Lionel Joseph Peschier and plaintiff instituted his actions after the death of Lionel Joseph Peschier. Thus, the proper venue for his negligence action is Calcasieu Parish.
LSA-C.C.P. Article 464 provides, in pertinent part:
‘Art. 464. Improper cumulation, effect When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.’
This court has no alternative but to dismiss plaintiff’s action for damages quasi ex delicto.”
For the reasons stated hereinabove, we affirm the trial judge’s granting of defendant’s exceptions as they relate to plaintiff’s claim quasi ex delicto.
As previously mentioned, defendant had answered plaintiff’s appeal suggesting that the trial court erred in overruling the other exceptions filed in this proceeding. Due to instances occurring subsequent to the trial judge’s ruling on these exceptions, we find that the defendant’s exceptions of improper venue and improper cumulation of actions, relative to plaintiff’s mineral royalty claim, now have merit.
Defendant alleges that the proper venue for plaintiff’s claim for redemption of the *175 property, as well as plaintiff’s claim for a credit against the redemption price for certain oil royalties, is in Calcasieu rather than Evangeline Parish. The trial judge held that plaintiff’s claim for redemption was a real action, i.e., an action brought to enforce rights in, to, or upon immovable property, and under La.C.C.P. Article 80(1)[1] Evangeline Parish is the parish of proper venue for plaintiff’s action to compel defendant to convey the immovable back to him.
The trial judge went on to hold that plaintiff’s claim for credit (arising out of the mineral royalties) against the price of redemption is based on the same factual allegations as his action to compel the defendant to transfer the immovable property back to plaintiff. As such plaintiff’s claim for credit was properly cumulated with plaintiff’s claim for redemption, therefore, venue in Evangeline Parish was proper for this claim as well. Smith v. Baton Rouge Bank & Trust Company, 286 So.2d 394 (La. App. 4th Cir. 1973); Albritton v. McDonald, 363 So.2d 925 (La.App. 2nd Cir. 1978), writ denied 366 So.2d 561 (La.1979).
Since the ruling of the trial judge on this issue, redemption has occurred, and therefore, plaintiff’s redemption claim has become moot. Plaintiff now owns his mineral rights as originally conveyed, and the only issue for determination is whether appellant is entitled to have the redemption price diminished by the royalty payments received before the redemption. This remaining claim of plaintiff’s is a personal action (as opposed to a real action) by a creditor for a sum of money certain, i.e., a money judgment, to be brought in the court in Calcasieu Parish, where this estate is under administration. La.C.C.P. Article 81(1) supra. Therefore, defendant’s original exception to the venue of the royalty accounting claim should now be maintained, and plaintiff’s claim in this respect is hereby ordered dismissed without prejudice.[2]
The trial judge denied the remainder of defendant’s exceptions with reasons as follows:
“DECLINATORY EXCEPTIONS OF INSUFFICIENCY OF SERVICE OF PROCESS AND INSUFFICIENCY OF CITATION.
Defendant failed to present any evidence or make any argument regarding these exceptions. I consider these exceptions abandoned.
DILATORY EXCEPTION OF PREMATURITY
Defendant cites LSA-C.C.P. Article 423, and contends that plaintiff’s action is premature. Essentially, defendant argues that plaintiff failed to tender the entire sum due for redemption of the property as required by the agreement.
The evidence shows that plaintiff has placed in the Registry of this Court the full sum necessary for him to exercise his right of redemption. Thus, this exception is now moot.
DILATORY EXCEPTION OF WANT OF AMICABLE DEMAND
Defendant contends that plaintiff failed to make amicable demand upon it as required by the agreement. I have reviewed the provisions of that agreement and find no such requirement therein. Further, defendant admitted that plaintiff had sent several letters to it expressing his desire to exercise his right of redemption prior to instituting this action. I find no merit in this exception.
DILATORY EXCEPTION OF UNAUTHORIZED USE OF SUMMARY PROCEEDING AND MANDAMUS
*176 Plaintiff has conceded that it was improper for him to use summary procedure and the extraordinary remedy of mandamus. Plaintiff has agreed to convert his action to ordinary procedure and therefore, this exception is now moot.
DILATORY EXCEPTION OF VAGUENESS OR AMBIGUITY OF THE PETITION
Defendant's first contention is that plaintiff failed to specify in his petition the mode of procedure he will use in prosecuting his action. I know of no provision of law requiring a plaintiff to do this, and no authority has been cited to this court to show any such requirement..
Defendant’s second contention is that plaintiff failed to identify the document evidencing his agreement with decedent and failed to state where that document is recorded. Plaintiff’s supplemental and amended petition clearly identifies that document and provides specific information on where it is recorded.
Defendant’s third contention is that plaintiff failed to adequately describe the property, which is the subject of this action. Plaintiff’s original petition sets forth the exact same description of the property as those used in the agreement. The descriptions are adequate.
Defendant’s fourth contention is that plaintiff failed to set forth in his petition the manner in which he tendered performance. I have already noted that the evidence shows that plaintiff has placed the full sum necessary to exercise his right of redemption in the Registry of this Court.
Defendant finally contends that plaintiff failed to allege in his petition that he made an unconditional tender to defendant. The evidence, as noted, shows otherwise.
I find no merit in this exception.”
We have carefully reviewed the record, and find the trial judge properly denied these exceptions. Accordingly, for the reasons provided by the trial judge, we likewise deny the remainder of defendant’s exceptions.
For the above and foregoing reasons the judgment of the trial court is reversed in part, affirmed in part, and recast as follows:
It is hereby Ordered, Adjudged, and Decreed that the defendant’s Dilatory and Declinatory Exceptions of Improper Cumulation of Actions and Improper Venue, respectively, as concern plaintiff’s actions for damages quasi ex delicto and as concern plaintiff’s actions for return of mineral royalties improperly received by defendant are hereby granted, and plaintiff’s claims in these regards are hereby dismissed without prejudice.
It is further Ordered, Adjudged, and Decreed that defendant’s Declinatory Exception of Insufficiency of Service of Process and Insufficiency of Citation, Dilatory Exception of Prematurity, Dilatory Exception of Want of Amicable Demand, Dilatory Exception of Unauthorized Use of Summary Proceedings and Mandamus, and Dilatory Exception of Vagueness of Ambiguity of Petition are hereby denied.
It is further Ordered, Adjudged, and Decreed that costs incurred in connection with these exceptions at trial and on appeal are set equally between the parties.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.

. La.C.C.P. Article 80:
“Art. 80. Action involving immovable property
The following actions shall be brought in the parish where the immovable property is situated:
(1) An action to assert an interest in immovable property, or a right in, to, or against immovable property, except as otherwise provided in Articles 72 and 2633; and”

. La.C.C.P. Article 121:
“Art. 121. Action brought in improper venue; transfer
When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue.”