JAMES L. CANNELLA, Judge.
12The Plaintiff, Helen B. Callender (Mrs. Callender), appeals from the ruling of the trial court denying numerous motions which she most recently filed following the 1992 judgment that partitioned the community which previously existed between her and her ex-husband, the Defendant, Joseph Callender (Mr. Callender). For the reasons which follow, we dismiss the appeal.
The parties were divorced on March 14, 1991. On September 3, 1991, a petition to partition the community property was filed by Mr. Callender. A judgment partitioning the community property was signed by the trial court on June 10, 1992. Following a timely motion for partial new trial, the trial court, on December 8, 1992, modified the earlier judgment on a relatively minor point. Mrs. Callender appealed the lower court judgments. This Court ren *1256 dered an opinion in Callender v. Callender, (La.App. 5th Cir.1993), 625 So.2d 257, and Mrs: |sCallender’s writ application to the Louisiana Supreme Court was denied. Callender v. Callender, 94-3080 (La.2/4/94), 633 So.2d 583.
Thereafter, on July 14, 2004, the trial court denied several motions subsequently filed by Mrs. Callender.[1] Mrs. Callender thereafter filed several additional motions, including, in the alternative, a motion for “Appeal and/or Supervisory Writs for Irreparable Injury Cause by Violation of Procedural Due Process Rights and Permanent Injunction, for Abuse of Process, and/or Seizure.” The trial court, on September 20, 2004, denied all of those motions except the last one and, on this pleading, granted Mrs. Callender a devolu-tive appeal. This is the “appeal” that is presently before this Court and, in brief, Mrs. Callender has assigned 14 errors.
In response, Mr. Callender filed a Motion to Dismiss the Appeal. He noted that the motion for appeal does not reference which lower court judgments or issues are being appealed. Also, it is noted that no appeal lies from the denial of lower court motions which are not final judgments. Moreover, Mr. Callender argues that since all of the issues raised by Mrs. Callender relate to the 1992 trial court judgments that were considered on appeal and are final, this second attempt to raise issues in relation to those judgments is improper. The motion to dismiss was referred to the merits.
Upon consideration of the case, we find that the appeal must be dismissed. An appeal is the exercise of the right to have a judgment of a lower court revised, modified, set aside or reversed by an appellate court. La. C.C.P. art. 2082. An |4appeal . may only be taken from a final judgment, an interlocutory judgment which may cause irreparable injury, or a judgment reformed in accordance with a remittitur or additur under La. C.C.P. art. 1814. La. C.C.P. art. 2083.[2] The delay for taking a devolutive appeal is generally 60 days from the expiration of the delay for applying for a new trial, if no application is filed timely, or from the date of the mailing of notice of the court’s denial of the application. La. C.C.P. art. 2087. Following a judgment and opinion by the court of appeal, that judgment becomes final, when an application for certiorari to the Supreme Court is timely filed and when the Supreme Court denies the application. La. C.C.P. art. 2166. An action for rescission of a partition is subject to a liberative prescriptive period of five years. La. C.C. art. 3497.
Applying these rules to this case, we find no issues presented by Mrs. Callender that are appealable. Upon reviewing the *1257 “motion for appeal” we find that it does not reference which judgment Mrs. Callen-der is appealing from or how she is aggrieved. Since an appeal only lies from a lower court ruling, and the only trial court judgment rendered in the 60 days prior to the motion for appeal was the July 14, 2004 judgment, the appeal could only be from that judgment. However, in that judgment the trial court denied interlocutory motions filed by Ms. Callender, rulings which are not final judgments and are not otherwise appealable. In her brief however, she contends that she is appealing from the 1992 judgments. An appeal was already taken from those judgments in 1993 following the trial court decision and, after the denial of Mrs. Callender’s writ application by the Supreme Court, became final. There is no legal authority for a second appeal from a final judgment. And, any action to rescind the partition judgment that became final in | s1993, has long since prescribed. Finally, we have reviewed Mrs. Callender’s fourteen assignments of error and find that they all relate to the 1992 final judgments and are not properly before this court for review herein.
Mrs. Callender’s arguments that the 1992 judgments are not final lack merit. The basis of her argument is that some community property items were omitted from the 1992 partition judgments. While we make no determination as to the merit of Mrs. Callender’s claims regarding omitted items, we note that in such circumstances a party to a partition in which items have been omitted may file a petition for a supplemental partition of those items. Ortiz v. Ortiz, 01-1252 (La.App. 5th Cir.5/15/02), 821 So.2d 35. This, of course, would not include arguments relating to disagreement with valuations in the previous partition, but would only apply to property that was completely omitted from consideration in the earlier proceeding. Otherwise, her arguments relating to her dissatisfaction with the 1992 judgments can not be reconsidered because the judgment is final and the claims are prescribed. Ortiz, supra: Zeringue v. Zeringue, 442 So.2d 1211 (La.App. 5th Cir.1983), writs denied, 445 So.2d 1229 (La.1984).
Accordingly, for the reasons stated above, this appeal from a non-appealable judgment, assigning errors relating to a final judgment, is dismissed. Costs of appeal are assessed to Mrs. Callender.

APPEAL DISMISSED.

. The following motions were considered and denied by the trial court: “Motion for Pres-cheduling Order and for $67,000 Performance and $25,000 Recognizance Bonds; Preliminary Hearing on Exceptions, Defenses and Questions; Motion to Reverse Denial of Motion and Memorandum of Support for Partial New Trial; Motion and Order to Rescind Judgment of June 10, 1992; Motion to Be Permitted to Supplement or Amend Motion to Rescind; Request for Answers, Interrogatories, and Production of Documents; and Sanctions and Damages for Violation of Preliminary and Joint Permanent Injunctions; Failure to Comply with Order to Compel Discovery of March 17, 1992; Obtaining Judgment of June 5, 1992, By Fraud or Ill Practices; Obtaining an Ex Parte Order Based on Ungrounded Facts and Law; Premature or Wrongful Seizure of 401K Boeing Retirement Plan; Abandonment of Cross-Appeal by Joseph Callender; and Reimbursement of Attorneys’ Fees, Court Costs, and All Other Costs filed by the Plaintiff, Helen Callender."

. This was the law at the time this appeal was taken. It should be noted that La.C.C.P. art 2083 was amended by Act No. 205 of the 2005 Regular Session and no longer authorizes the appeal of interlocutory judgments which may cause irreparable harm.