948 So.2d 343 (2007)
Novia Mathews GERRETS
v.
Charles J.D. GERRETS, III, Whitney National Bank and Francis C. Jummonville in his Capacity as Testamentary Executor.
No. 2006-CA-0087.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 2007.
Rehearing Denied February 15, 2007.
*344 Warren A. Goldstein, Warren A. Goldstein, A PLC, New Orleans, LA, for Plaintiff/Appellant.
Richard A. Aguilar, Edward L. Fenasci, McGLINCHEY STAFFORD, PLLC, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Plaintiff, Novia Gerrets ("Ms.Gerrets"), appeals the judgment of the trial court sustaining the Exception of Improper Venue brought by Defendant, Jack Dienes ("Mr.Dienes"), and transferring the case to Iberia Parish. For the reasons stated herein, we affirm the trial court's judgment.
Relevant Facts
In 1989, Ms. Gerrets filed a "Petition for Declaratory Judgment and Equitable Relief" in the Civil District Court for the Parish of Orleans ("CDC"), Division "C," against her stepson, Charles J.D. Gerrets ("Jeff Gerrets"), Whitney Bank, and Francis Jummonville, after a dispute arose over the validity and interpretation of a 1978 intervivos trust and will executed by her deceased husband, Charles J.D. Gerrets, Jr. In April 1989, after extensive negotiations, the parties to the declaratory judgment suit resolved their differences and *345 executed a settlement agreement (the "Settlement Agreement") and a "Reformed Trust Instrument." On May 23, 1989, after a hearing, the trial court entered a Consent Judgment in the declaratory judgment proceeding. In the Consent Judgment and the incorporated Settlement Agreement and Reformed Trust Instrument ("the Agreements"), Ms. Gerrets was named the income beneficiary of her deceased husband's stock in the two companies held in trust (the "trust stock") under the new Reformed Trust Instrument, while Jeff Gerrets was named the principal beneficiary and Initial Investment Advisor of the trust. As Initial Investment Advisor, Jeff Gerrets was solely authorized to vote the trust stock and direct the sale of the trust stock. The Consent Judgment provided that the Civil District Court for the Parish of Orleans ("CDC") would retain continuing jurisdiction and venue to implement, interpret, and enforce the Consent Judgment and the Agreements.
Jeff Gerrets died fifteen years later, on July 23, 2004, and his succession was opened on or about August 4, 2004 in Iberia Parish ("the Succession"). Jack Dienes ("Mr.Dienes") was named the executor of the Succession. In December 2004, several months after Jeff Gerrets' death, Ms. Gerrets filed a "Petition for Supplemental Relief and Damages" under the caption and docket number of the original 1989 declaratory judgment suit in Division "C" of CDC, adding as the defendant, Mr. Dienes, in his capacity as representative of the Succession, and seeking monetary damages. The day after filing the Petition in Division "C", Ms. Gerrets filed a separate, and almost identical action, against Mr. Dienes, in a new case, bearing docket number 2004-18, 1839, in Division "J" of CDC. This case was captioned, "Novia Gerrets v. Jack D. Dienes, in his Capacity as the Testamentary Executor of the Succession of Charles J.D. Gerrets, III." Ms. Gerrets later moved to transfer the second action to the same division of CDC as the original action. The trial court granted the transfer. As a result, the operative petition that gives rise to this appeal is Ms. Gerrets' "Second Amended Petition for Supplemental Relief and Damages" that was filed under the docket number and caption of the 1989 suit. In her Amended Petition, Ms. Gerrets specifically alleges that Jeff Gerrets, during his lifetime, breached the purported fiduciary duties outlined in the Reformed Trust Instrument, as well as duties arising as "a matter of law."
On March 16, 2005, Mr. Dienes filed an Exception of Improper Venue arguing that at the time that Ms. Gerrets brought her claims against him as Testamentary Executor of Jeff Gerrets estate, the Succession had already been judicially opened in Iberia Parish and, therefore, according to Article 81(1) of the Louisiana Code of Civil Procedure, which mandates that personal claims by a creditor of the deceased be brought in the parish where the decedent's succession is open and pending, venue was proper in only in Iberia Parish.
At the hearing on the Exception, the district court judge opined that the venue provision of Louisiana Code Article 81(1) was mandatory, yet waivable, and that Louisiana has a strong public policy that all succession matters be adjudicated in the court where a succession is open and pending. The district court judge further stated that even though the forum selection clause contained in the Consent Judgment may have been valid and enforceable in regard to claims brought against Jeff Gerrets before his death, Article 81(1) primes the contractual forum selection clause and mandates that the instant claims be brought in Iberia Parish. Accordingly, the trial court granted Mr. Dienes' Exception of Improper Venue and, *346 pursuant to Louisiana Code of Civil Procedure Article 932, ordered that Ms. Gerrets' claims against Mr. Dienes be transferred to the 16th Judicial District Court for the Parish of Iberia, where the succession of Jeff Gerrets was open and pending.
On appeal, Ms. Gerrets argues that the district court erred in granting Mr. Dienes' Exception because CDC was the proper venue for her claims against the Succession. She bases her argument, in part, on the fact the four parties to the 1989 Consent Judgment and Agreements agreed that CDC would retain jurisdiction to implement, interpret, and enforce the Agreements and that this contractual forum selection clause is valid and legally binding upon Mr. Dienes. Mr. Dienes, on the other hand, argues that the trial court was correct in granting the exception because despite the contractual forum selection clause, Louisiana law clearly mandates that a succession must be sued in the court in which the succession is opened.
Law and Discussion
At the outset, we note that the trial court's judgment sustaining the Mr. Dienes' Exception of Improper Venue is an appealable interlocutory judgment. At the time this appeal was filed, the Louisiana Code of Civil Procedure allowed an immediate appeal of interlocutory judgments such as this one if failure to do so may cause irreparable harm.[1] Louisiana courts have held that failure to review a judgment sustaining an exception of improper venue could cause irreparable harm because the effect of such a judgment, trying the case in a parish of improper venue, cannot, as a practical matter, be corrected on appeal. See, e.g., Caldwell v. VAC Federal Credit Union, 545 So.2d 697 (La.App. 2 Cir.1989), citing, Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878, note 1 (La.1981).
Venue is a question of law. Crawford v. Blue Cross and Blue Shield of La., 814 So.2d 574, 577 (La.App. 4 Cir.2001). Accordingly, we will review the trial court's granting of Defendant's Exception of Improper Venue de novo.
Louisiana law is clear that, "a proceeding to open a succession shall be brought in the district court of the parish where the deceased was domiciled at the time of his death." La.Code Civ. Proc. art. 2811 (West 2006). Moreover, the Louisiana Code of Civil Procedure dictates that when a succession has been opened judicially, a personal action by a creditor of the deceased must be brought in the court in which the succession is pending. La.Code Civ. Proc. art 81(1) (West 2006).
Specifically, Article 81(1) of the Code provides, in relevant part:
When a succession has been opened judicially, until rendition of the judgment of possession, the following actions shall be brought in the court in which the succession proceeding is pending:
(1) A personal action by a creditor of the deceased; but an action brought against the deceased prior to his death may be prosecuted against his succession representative in the court in which it was brought.
Id. (emphasis added).
Pursuant to Louisiana Code of Civil Procedure Article 2811, the Succession of Jeff *347 Gerrets was opened, and was pending, at the time the instant claims were filed, in Iberia Parish. Mr. Dienes argues that because Ms. Gerrets claims against him, in his capacity of executor of the Succession, constitute a personal action[2] by a creditor of the deceased, Article 81(1) primes the contractual forum selection clause and mandates that venue is proper only in Iberia Parish.
While not disputing that her claims are, in fact, personal actions by the creditor of a deceased, Ms. Gerrets makes several arguments to support her contention that venue is proper in Orleans Parish. First, she argues that the Consent Judgment clearly provides that Orleans Parish retains continuing jurisdiction over the instant claims, which she characterizes as claims to enforce the 1989 Consent Judgment. Ms. Gerrets further argues that the trial court erred in failing to bind Mr. Dienes to the 1989 Consent Judgment and Agreements to which his testator was a party and with whom he was in privity. Third, Ms. Gerrets argues that Article 81(1) is permissive rather than mandatory, and is not clearly expressive of a strong state public policy. Finally, Ms. Gerrets argues that the trial court erred in failing to apply other Louisiana Code articles and caselaw that would permit the continuation of the suit in Orleans Parish.
We find Ms. Gerrets arguments to be unpersuasive. Ms. Gerrets' contentions that the trial court erred in abrogating the Consent Judgment and in failing to bind Mr. Dienes to the Consent Judgment, are without merit. Mr. Dienes did not argue, and the trial court did not hold, that the Consent Judgment was not binding, in general, upon Mr. Dienes. What Mr. Dienes argued, and the court held, is that, under the circumstances, Article 81(1) primes the purported forum selection clause contained in the Consent Judgment and mandates that Ms. Gerrets' claims against Mr. Dienes, in his capacity as executor of the Succession, be filed in Iberia Parish. Mr. Dienes correctly points out that Article 81(1) requires that suits contemplated by that article be brought against a decedent's succession in the court in which it is pending, even if the decedent could have been sued elsewhere during his lifetime. For example in Fusilier v. Estate of Lionel J. Peschier, 412 So.2d 172 (La.App. 3 Cir.1982), the court of appeal held that although the plaintiff's claims of negligence against the decedent could have been brought in another parish during the life of the defendant, article 81(1) required that claims brought after the decedent's death be brought in the parish where the decedent's succession proceeding was pending. Id., p. 173-174.
We also disagree with Ms. Gerrets assertion that the venue directive contained in Article 81(1) is permissive rather than mandatory. To support her argument, Ms. Gerrets cites a number of cases that she alleges stand for the proposition that certain venue provisions of the Code of Civil Procedure, including Article 81(1) are "waivable" or "not jurisdictional" and argues that based on these cases, Article 81(1) does not provide mandatory venue in this case. However, we find that the venue directive in Article 81(1), which uses the word "shall" rather than "may," is mandatory. See Fusilier, supra, where the court relied on the "mandatory provision" of Article 81(1) to affirm the granting of defendant's exception to venue.
*348 Ms. Gerrets further argues that it is impossible for a "waivable" venue article to also be "mandatory." Mr. Dienes argued, and the trial court agreed, that the venue dictated by Article 81(1) is mandatory as long as it is not waived. The Louisiana Supreme Court has acknowledged that a venue provision can be both "mandatory" and "waivable."[3] However, pursuant to Article 44(A) of the Louisiana Code of Civil Procedure, such a waiver can only occur after the institution of the relevant action. La.Code Civ. Proc. 44(A) (West 2006). In this case, venue was not waived because Mr. Dienes filed an exception of improper venue, and thus, the directive contained in Article 81(1) is mandatory.
We also find no merit in Ms. Gerrets' argument that Louisiana does not have a strong public policy that all succession matters be adjudicated in the same court. We agree with Mr. Dienes, as did the trial court, that Article 81(1)'s directive that all judicial actions against a succession representative be filed in the same court as the succession proceeding is consistent with the state's public policy that succession proceedings are to be brought through the succession representative, in order to further the orderly administration of the succession and the preservation of the successions' assets. See La.Code Civ. Proc. Art. 44 (West 2006).
The claims brought by Ms. Gerrets against Mr. Dienes are new claims arising out of obligations that she alleges arose, in part, "as a matter of law." These claims constitute a personal action by an alleged creditor of the deceased, Jeff Gerrets. Accordingly, Ms. Gerrets' claims must be brought in Iberia Parish, where the Succession proceeding is pending, pursuant to the clear directive of Louisiana Code of Civil Procedure Article 81(1). Thus, the judgment granting Mr. Dienes' Exception of Improper Venue and transferring the case to Iberia Parish was correct. Accordingly, we affirm the district court's judgment.
AFFIRMED.
NOTES
[1] Effective January 1, 2006, the legislature amended Article 2083, which now provides that an interlocutory judgment is appealable only when expressly provided for by law. La. Code Civ. Proc. art. 2083 (West 2006). However, because the Motion for Suspensive Appeal was filed in 2005, prior to the effective date of the amendment, the 2005 version of the article applies in this case. See, Callender v. Callender, (La.App. 5 Cir.2006); 921 So.2d 1255, 1256, n. 2
[2] The Louisiana Code of Civil Procedure defines a personal action as one brought to enforce an obligation against the obligor, personally or independently of the property which he may own, claim, or possess, while a real action is defined as one brought to enforce rights in, to, or upon immovable property. LA.Code Civ. Proc. art. 422
[3] See, Franques v. Evangeline Parish Police Jury, 625 So.2d 157 (La.1993) (holding that the venue requirement of La. R.S. 13:5104(B) is "mandatory but waivable.")