# STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

## DOCKET NUMBER
## 2022 CA 0091

## SUCCESSION OF HEZEKIAH BROWN, JR.

Judgment Rendered: ___OCT 1 9 2022___

* * * * *

## ON APPEAL FROM THE
## 19th JUDICIAL DISTRICT COURT, SECTION 23
## EAST BATON ROUGE PARISH, LOUISIANA
## DOCKET NUMBER 108,206

## HONORABLE WILLIAM A. MORVANT, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Derrick Jerome Allen<br>St. Gabriel, Louisiana | Defendant-Appellant<br>Pro Se |
| James Morgan Field, III<br>Baton Rouge, Louisiana | Attorney for Plaintiff-Appellee<br>Shirley Mae Miles Brown |

BEFORE: McDONALD, McCLENDON, and HOLDRIDGE, JJ.

Holdridge J. concurs w/ reasons

**McDONALD, J.**

A plaintiff claiming to be an intestate heir of a decedent appeals a judgment granting the succession executor's peremptory exception pleading the objection of no right of action[1] and dismissing the plaintiff's opposition to the decedent's testament. After review, we affirm in part, vacate in part, and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Hezekiah Brown, Jr. died on March 22, 2020, at the age of 73. Thereafter, in August 2020, Derrick Jerome Allen, *pro se,* filed a Petition for Judicial Partition of the Succession in Kind and a separate Petition to Appoint Administrator, both captioned "Succession of Hezekiah Brown, Jr." In these petitions, Mr. Allen alleged Mr. Brown was his father, and had died intestate, leaving a widow, Shirley Miles Brown, and four children, two born to Mrs. Brown and two born to other mothers. Mr. Allen further alleged he was one of Mr. Brown's two children who was born to a mother other than Mrs. Brown. Mr. Allen sought recognition as Mr. Brown's intestate heir, to open the succession, appointment of an estate administrator, judicial partition of Mr. Brown's estate, and an order to Mrs. Brown to discontinue disposing of estate assets. Mr. Brown attached an Affidavit of Death, Domicile, and Heirship, wherein two affiants, Carla Boyle S. Brown and Ursilla Chatman, attested that they were personally acquainted with the Brown family, that three children were born of the Browns' marriage, and that Mr. Brown had two other children, including Mr. Allen, born to other women.[2]

By letter dated August 7, 2020, Mrs. Brown's attorney informed Mr. Allen that Mr. Brown had died testate, not intestate, as shown by an enclosed copy of a 2014 testament purportedly signed by Mr. Brown, wherein he left his entire estate to Mrs. Brown and named her as executor of his testament. Mrs. Brown's attorney asked Mr. Allen to review the testament and to then execute and return an enclosed waiver form indicating Mr. Allen did

---

[1] Louisiana Code of Civil Procedure article 922 recognizes only three exceptions: the declinatory exception, the dilatory exception, and the peremptory exception. See La. C.C.P. arts. 925, 926, 927. In this case, the defendant filed a peremptory exception pleading the objection of no right of action. See La. C.C.P. art. 927. Herein, for brevity, we refer to that exception as an exception of no right of action.

[2] In his petitions, Mr. Allen alleged that, even though a fifth child was born during the Browns' marriage and used the surname "Brown," that fifth child, a male, was not Mr. Brown's son. In their affidavit, Carla Boyle S. Brown and Ursilla Chatman also attested that Mr. Brown was not the father of that fifth child. Also, we note, but do not address, that the two affiants signed a single affidavit.

2

not object to probate of Mr. Brown's 2014 testament. Mr. Allen did not comply with the request.

Rather, on August 20, 2020, Mr. Allen responded by filing an Objection to Last Will Dated 9-2-14 Being Probated Into Court Proceedings and a Motion Dismissing And Striking Notice of Objection In This Matter (collectively, August 20th motions), contending the 2014 testament was "fake," had been fraudulently drafted only after Mr. Allen filed the intestate succession pleadings, and that Mr. Brown's signature on the testament was forged. To his pleadings, Mr. Allen attached copies of the August 7, 2020 letter, the 2014 testament, and Mr. Brown's obituary.[3] The trial court set a show cause hearing on the August 20th motions.[4]

On August 28, 2020, Mrs. Brown responded by filing a Petition to Open Succession, File Notarial Testament and Appoint Independent Executor, seeking to file Mr. Brown's attached 2014 testament, seeking to appoint herself as executor of his estate, claiming to be Mr. Brown's sole universal legatee, and contending that administration of the estate was necessary. She further alleged Mr. Allen did not have standing to file an action, because "Mr. Allen was never acknowledged by the Decedent[,] ... no record of filiation exists in any court record[,] ... [and] Decedent did not list Mr. Allen as his child in his Last Will and Testament." Mrs. Brown attached her Affidavit of Death, Domicile, and Heirship to the petition, wherein she attested that she and Mr. Brown were married when he died, they had three children during their marriage, and that Mr. Brown had fathered one other child, a daughter. She then attested that Mr. Brown "had no other children" (beside the previously referenced four), and "never adopted any children ... ." Mrs. Brown attached a second affidavit by Georgia B. Harris, a Brown family acquaintance, wherein Ms. Harris attested to the same facts as Mrs. Brown.

On August 31, 2020, Mr. Allen responded by filing a Supplement to Objections to Last Will dated 9-2-14 Being Probated Into Court Proceedings, a Motion to Strike Petition to Open

---

[3] Under La. C.C.P. art. 2853, if a person has possession of a document purporting to be the testament of a deceased person, even though he believes that the document is not the valid testament of the deceased, or has doubts concerning the validity thereof, he shall present it to the court with his petition praying that the document be filed in the record of the succession proceeding. A person so presenting a purported testament to the court shall not be deemed to vouch for its authenticity or validity, nor precluded from asserting its invalidity.

[4] The hearing was originally scheduled for December 7, 2020, but was twice continued and ultimately held on March 8, 2021, at which time the trial court addressed the August 20th motions, as well as Mr. Allen's later motions filed on August 31, 2020, and Mrs. Brown's later exceptions filed on November 25, 2020.

Succession, File Notarial Testament, and Appoint Independent Executor, and a Motion to Prohibit Col. Luke Rheams & Shirley Brown from Interfering with his Access to Probate Court, Litigation, and his Constitutional Rights (collectively, August 31st motions). On September 2, 2020, Mr. Allen also filed an "Objections/Answer" to Mrs. Brown's petition.

On September 3, 2020, the trial court signed an order, opening Mr. Brown's succession, ordering that his 2014 testament "had been probated and recorded," ordering that it be executed, and appointing Mrs. Brown as the independent executor of Mr. Brown's succession.

Mrs. Brown then filed exceptions to Mr. Allen's August 20th and August 31st motions,[5] including an exception of no right of action, nonjoinder of a party, and lis pendens, and sought sanctions against Mr. Allen under La. C.C.P. art. 863. Mr. Allen opposed the exceptions; in support of his opposition, he introduced an East Baton Rouge Parish Family Court judgment, dated March 4, 2015, where, in a prior paternity suit Mr. Allen had filed against Mr. Brown, the court had ordered Mr. Brown to "submit to the collection of blood and tissue samples" at a testing facility of Mr. Allen's choice and at Mr. Allen's cost.[6] It is undisputed, however, that Mr. Brown did not submit to the ordered testing, and Mr. Allen's paternity suit remained pending when Mr. Brown died in 2020.

On March 8, 2021, the trial court held a hearing on Mr. Allen's August 20th and 31st motions and on Mrs. Brown's exceptions. No evidence was introduced at the hearing. On April 9, 2021, the trial court signed a judgment, granting Mrs. Brown's exception of no right of action, sanctioning Mr. Allen under La. C.C.P. art. 863, and dismissing his August 20th and

---

[5] When an opposition is filed in a succession proceeding, responsive pleadings, including exceptions to the opposition, may be filed as provided in La. C.C.P. art. 2593. *See* La. C.C.P. art. 2973. Under La. C.C.P. art. 2593, applicable to a summary proceeding, exceptions to an opposition shall be filed and disposed of prior to the trial.

[6] A child may institute an action to prove paternity even though he is presumed to be the child of another man. La. C.C. art. 197. In such an action, the court has authority to order blood and/or tissue samples. *See* La. R.S. 9:396.

4

31st motions against Mrs. Brown and Colonel Rheams.[7] After the trial court denied his motion for new trial, Mr. Allen appealed the April 9, 2021 judgment.[8]

## RIGHT OF ACTION IN A
## CONTRADICTORY SUCCESSION PROCEEDING

Mr. Allen contends the trial court erred in granting Mrs. Brown's exception of no right of action. Generally, an action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La. C.C.P. art. 927(6); *Louisiana Environmental Action Network, Inc. v. Brown*, 19-0607 (La. App. 1 Cir. 1/9/20), 294 So.3d 1066, 1071, *writ denied*, 20-00246 (La. 4/27/20), 295 So.3d 950. The party raising the exception has the burden of proving the plaintiff has no right of action to proceed with his claim. *Id.*

Generally, on review of an exception of no right of action, this court reviews the pleadings as well as any evidence submitted in support of or in opposition to the exception. *See* La. C.C.P. art. 931. However, there are specific procedural rules that apply to the opening of a deceased's succession, whether the succession is testate or intestate. *See* La. C.C.P. arts. 2811-2826, 2971-2974, and 3061-3062.[9] And, when a specific procedural rule governs in a succession proceeding, that specific rule governs over a more general procedural rule. *See Gerrets v. Gerrets*, 06-0087 (La. App. 4 Cir. 1/10/07), 948 So.2d 343, 347-48. Relevant here, in an *uncontested* succession proceeding, certain facts including those necessary to establish the court's jurisdiction, such as the deceased's domicile at time of death and his ownership of property in the state, may be evidenced by affidavits. *See*

---

[7] On May 4, 2021, the trial court signed a partial judgment of possession, recognizing Mrs. Brown as Mr. Brown's sole universal legatee, and placing her in possession and ownership of certain assets in Mr. Brown's estate. A judgment of possession is prima facie evidence of the right of heirs in whose favor it is rendered to take possession of the decedent's estate; however, it is not a basis for a plea of res judicata or conclusive evidence against persons having an adverse interest in or claim against the estate. *Guidry v. Dufrene*, 96-0194 (La. App. 1 Cir. 11/8/96), 687 So.2d 1044, 1046.

[8] Although captioned "Motion Requesting Reconsideration And/Or Rehearing," the pleading was substantively a motion for new trial. *See Lexington Land Dev., L.L.C. v. Chevron Pipeline Co.*, 20-0622 (La. App. 1 Cir. 5/25/21), 327 So.3d 8, 17, *writ denied*, 21-01194 (La. 11/17/21), 327 So.3d 996 (noting that the Louisiana Code of Civil Procedure does not provide for a motion for reconsideration; instead, such a motion is generally treated as a motion for new trial). Further, we interpret Mr. Allen's appeal from the judgment denying his incorrectly captioned motion for new trial as an appeal from the judgment on the merits. *See Doctors for Women Med. Ctr., L.L.C. v. Breen*, 19-0582 (La. App. 1 Cir. 5/11/20), 303 So.3d 667, 671.

[9] Except as otherwise provided by law, the rules of pleading and service of process applicable in ordinary proceedings shall apply to succession proceedings. La. C.C.P. art. 2971. Specific procedural rules applicable to intestate successions are set forth in La. C.C.P. arts. 3001-3008; and, specific procedural rules applicable to testate successions are set forth in La. C.C.P. arts. 2851-2904 and 3031-3035.

La. C.C.P. arts. 2821-22. However, in a *contradictory* succession proceeding, no fact that is an issue may be proved by affidavit under La. C.C.P. arts. 2821-22; rather, in such case, issues of fact shall be determined at a trial thereof only by evidence introduced as in ordinary cases. La. C.C.P. art. 2824. Evidence "introduced as in ordinary cases" means testimony or documentary evidence (either *viva voce* in open court or by deposition) introduced in open court at trial. La. C.C.P. art. 2824 – Official Revision Comments – 1960, Comment (c). *For example, see State v. Twin Cities Memorial Gardens, Inc.,* 43,568 (La. App. 2 Cir. 9/17/08), 997 So.2d 16, 21 (live testimony); *Licfro, Inc. v. State, ex rel. Department of Revenue, Office of Alcohol and Tobacco Control,* 03-0737 (La. App. 4 Cir. 10/1/03), 859 So.2d 739, 742 (oral argument is not evidence); *Kilbourne v. Hunt,* 276 So.2d 742, 744-45 (La. App. 1 Cir. 1973) (live testimony).

In this case, Mr. Allen commenced the action as a purported intestate heir of Mr. Brown. After receiving Mr. Brown's purported 2014 testament, Mr. Allen filed an objection to probate of that testament, claiming that it was invalid. *See* La. C.C.P. arts. 2853, 2881, and 2902. Thus, when Mrs. Brown thereafter filed a petition to probate the testament, the trial court had Mr. Allen's objection before it, the matter was a contradictory matter, and the trial court could only probate the 2014 testament at a contradictory trial. *See* La. C.C.P. art. 2901. *Contrast Succession of Teal,* 21-226 (La. App. 5 Cir. 6/4/21), ___ So.3d ___, ___, 2021 WL 2301802, *3 (finding that, *when there is no objection* from parties to a succession, the trial court has a mandatory obligation, under La. C.C.P. art. 2891, to probate a notarial testament, when such is presented).

At the March 8, 2021 contradictory hearing herein, the parties did not introduce evidence; thus, the only evidence before the trial court at that time consisted of pleadings and attachments thereto, namely, the conflicting affidavits of death, domicile, and heirship, the contested 2014 testament, Mr. Brown's obituary, and the March 4, 2015 judgment ordering Mr. Brown's submission to testing.[10] In a typical civil case, the trial court could have decided the exception of no right of action solely on this evidence. *See* La. C.C.P. art.

---

[10] In brief, Mr. Allen relies on documents allegedly written by one of Mr. Brown's daughters and by Mr. Brown's niece as evidence. These documents physically appear in the appellate record but are not properly attached as exhibits to any pleading. *See* La. C.C.P. art. 853. Documents not properly offered and introduced cannot be considered as evidence, even if physically placed in the record. *Bailey v. Loewe,* 19-0915 (La. App. 1 Cir. 8/3/20), 310 So.3d 746, 748.

6

931. However, in this contradictory succession proceeding, under La. C.C.P. art. 2824, the trial court was prohibited from deciding the exception of no right of action solely on these filings, because the determination of whether Mr. Allen has a right of action herein includes contested issues of fact. Thus, under specific rules applicable to contradictory succession proceedings, we conclude the parties were required to file "evidence introduced as in ordinary cases" at the March 8, 2021 hearing, and, absent such, the trial court committed legal error in granting Mrs. Brown's exception of no right of action as to Mr. Allen's August 20th and August 31st motions. We vacate the April 9, 2021 judgment as to this ruling and remand this matter for a contradictory hearing as provided in La. C.C.P. arts. 2901-2904. Because we vacate the judgment on this basis, we also vacate the judgment's imposition of sanctions against Mr. Allen.

## MOTION TO PROHIBIT COLONEL LUKE RHEAMS AND MRS. BROWN FROM INTERFERING WITH MR. ALLEN'S ACCESS TO PROBATE COURT

Mr. Allen next contends the trial court erred in dismissing his "Motion to Prohibit Col. Luke Rheams & Shirley Brown From [Interfering] With [his] Access to Probate Court, Litigation, and [his] Constitutional Rights." In the motion, Mr. Allen alleged that Colonel Luke Rheams, an official at the prison where Mr. Allen was housed, conspired with Mrs. Brown to keep him from mailing copies of pleadings he filed in the case to Brown family members. As to the claim against Colonel Rheams, we agree with the trial court that it had no subject matter jurisdiction to address this claim absent Mr. Allen's exhaustion of available administrative remedies. *See generally* La. R.S. 15:1171, *et seq.*; *Collins v. Vanny*, 14-0675 (La. App. 1 Cir. 1/15/15), 169 So.3d 405, 407. As to Mrs. Brown, the trial court did not specifically rule on the motion as to Mrs. Brown. Where a trial court's ruling is silent as to any demand at issue under the pleadings, however, such silence constitutes an absolute rejection of such demand. *Lovell v. Blazer Boats, Inc.*, 11-1666 (La. App. 1 Cir. 10/24/12), 104 So.3d 549, 558. Further, Mr. Allen produced no evidence that Mrs. Brown conspired with anyone to interfere with his access to probate court. In light of the lack of evidence to prove such, we find the trial court did not err in implicitly rejecting this claim against Mrs. Brown.

**CONCLUSION**

For the above reasons, we vacate the trial court's April 9, 2021 judgment insofar as it: granted Mrs. Brown's exception of no right of action; dismissed Mr. Allen's Objection to Last Will Dated 9-2-14 Being Probated into Court Proceedings filed on August 20, 2020; dismissed Mr. Allen's Motion Dismissing and Striking Notice of Objection In This Matter filed on August 20, 2020; dismissed Mr. Allen's Supplement to Objections to Last Will dated 9-2-14 filed on August 31, 2020; dismissed Mr. Allen's Motion to Strike Petition to Open Succession, File Notarial Testament and Appoint Independent Executor filed on August 31, 2020; and, sanctioned Mr. Allen under Louisiana C.C.P. art. 863. In all other respects, we affirm the trial court's April 9, 2021 judgment. We assess costs of the appeal one-half to Derrick Jerome Allen and one-half to Shirley Mae Miles Brown.[11]

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**

---

[11] Although Mr. Allen filed his appeal *in forma pauperis,* the costs of an unsuccessful appeal may be assessed against him. *Pierre v. Dep't of Pub. Safety & Corr.,* 2020-0480 (La. App. 1 Cir. 12/30/20), 2020 WL 7770405, *3, n.5; *Foster v. Tinnea,* 96-2178 (La. App. 1 Cir. 12/29/97), 705 So.2d 782, 787.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0091



SUCCESSION OF HEZEKIAH BROWN, JR.

**Holdridge, J., concurring.**

I respectfully concur. Louisiana Code of Civil Procedure article 922 recognizes only three exceptions: the declinatory exception, the dilatory exception, and the peremptory exception. Louisiana Code of Civil Procedure articles 925, 926, and provide non-inclusive lists of objections that may be raised by the three exceptions. In this case, the appellant appeals a judgment that granted a peremptory exception raising the objection of no right of action. For brevity, the majority opinion refers to the objection of no right of action as an exception of no right of action. While often misused by all courts, there is no exception of no right of action. See La. C.C.P. arts. 922, 927. This objection may be raised through a peremptory exception in accordance with La. C.C.P. art. 927.